### FIRST NAT. BANK v. HANCOCK.

No. 17389—Opinion Filed Nov. 16, 1926.

#### Bills and Notes—Failure to Forbear as Failure of Consideration.

The consideration for a promissory note may be the detriment which the promisee suffers, or the promisee's forbearance of some legal right which he otherwise would be entitled to exercise. Refusal of the promisee to suffer the detriment so agreed to be borne, or to forbear such legal right, may constitute failure of consideration for the giving of the note.

(Syllabus by Estes, C.)

Commissioners' Opinion. Division No. 2.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by First National Bank of Kiowa against H. G. Hancock. Judgment for defendant, and plaintiff appeals. Affirmed.

Monk & McSherry, for plaintiff in error.

Kent v. Gay, for defendant in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Plaintiff sued Hancock on a promissory note for nearly $4,000. Judgment was for defendant on verdict from which the plaintiff appeals. Defendant admitted the execution of the note, and pleaded failure of consideration. The only question presented is whether the evidence reasonably tends to support the verdict on said issue. Defendant was engaged in the business of buying and selling cotton in 1921. He deposited $15,000 in plaintiff bank as a margin, and purchased about 700 bales of cotton at about 20 cents per pound, delivering to the bank a ticket or muniment of title for each bale attached to his check, the bank receiving such tickets and paying the checks. The only testimony upon the issue of consideration is that of defendant, Hancock, which is uncontradicted. He testified that the following conversation with the vice-president of plaintiff bank took place on December 15, 1921:

"Q. What did he say to you with regard to this cotton at that time? A. He said the cotton was going down and my margin had become exhausted, and I would have to give them security to protect them in the carrying of this cotton. Q. Did he say what would be done with the cotton if you didn't do that? A. He would be compelled to sell it, or he would sell it."

Defendant further testified that at that time cotton was about 15 cents, and that the bank authorities stated that defendant would have to give them a note, or something that they could carry on their books and offset the depreciation, and that thereupon defendant did execute and deliver to the bank, the note in controversy on the condition "that the cotton would not be sold without my permission"; that no time was specified, except a reasonable length of time for holding the cotton or forbearing to sell the same without the consent of defendant; that in a very short time, without the consent of defendant Hancock, the bank did sell the cotton; and that several months thereafter cotton attained the price of 21 cents. Again, in response to a question by the court, defendant stated that the agreement upon which he gave the note was that "they would carry this cotton and not sell it without my permission."

In submitting the cause to the jury, the court stated that it was the contention of

defendant that the bank notified him that said margin had been exhausted by the decline in the price of cotton, and that it was necessary for him to place an additional margin in the bank in order to protect it against further loss; that if plaintiff would execute said note, the bank would not sell the cotton without defendant's consent for a reasonable length of time, and that the bank had violated this agreement upon which the note was given, and that therefore the consideration had failed. The court further instructed that a valuable consideration was necessary to the validity of the note, and that it might consist of money or a forbearance, and if the jury found from the evidence that the bank sold the cotton without the consent of defendant, and without waiting a reasonable time, this might constitute failure of consideration. The court further instructed on the law of reasonable time, and if the jury found that there was no such agreement to forbear until defendant gave his consent, the bank had the right to sell the cotton at any time, and that defendant would be liable on the note, in that event, for the loss the bank sustained.

A definition of "consideration" is found in 13 C. J. 311:

"A benefit to the party promising, or a loss or detriment to the party to whom the promise is made. Benefit, as thus employed, means that the promisor has, in return for his promise, acquired some legal right to which he would not otherwise have been entitled. And detriment means that the promisee has, in return for the promise, forborne some legal right which he otherwise would have been entitled to exercise."

We take it that the bank had the power and the right to sell said cotton at the time the note was executed. Naturally, defendant desired that the cotton be held on the chance of a rise in the market. His testimony tends to show that the consideration for the execution of the note was the forbearance of the bank to sell the cotton—the waiver of its right immediately to sell the cotton. The testimony is clear that the bank intended to sell same at once unless this note were given. The jury in considering all the evidence may have concluded that the fact that the price went to 21 cents several months thereafter, corroborated the claim of defendant as to the purpose or consideration on which the note was given. We think this evidence reasonably tends to support the verdict, and under the well-known rule, same cannot be disturbed on appeal. If the note was given to cover losses on the cotton based on the price at the date of the note, that is, losses or indebtedness to the bank

already accrued, plaintiff did not adduce evidence thereto. Defendant testified that he did not know what plaintiff received for the cotton, although admitting that the cotton might not have brought sufficient to recoup the bank for expenditures above the $15,000 marginal deposit. Plaintiff contends that under defendant's theory, it was not a failure of consideration, but breach of an agreement to hold the cotton, for which a counterclaim might lie in damages. It is not contended that credit was extended defendant on the books of the bank for the amount of the note as for a loan. It was the act of forbearing to sell, that constituted consideration for the note. Since this was a continuing thing for a reasonable time—not performable instanti—it was necessarily bottomed on a promise. But even viewed as a promise—and mutual promises constitute lawful considerations—the promise to hold the cotton for a reasonable time was a consideration for the promise of defendant contained in the note. If plaintiff had performed this promise—had forborne to sell—there had been a consideration for the note, and the same had been valid, binding defendant to pay the losses on the cotton not recouped by advance in price. This would be according to the very theory on which the $15,000 was also deposited as a margin in the beginning.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See 8 C. J. p. 212, §347; p. 756, §1023, 3 R. C. L. p. 941.